WARTH v. MERTENS et al.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

CONTRACTS—ASSIGNMENTS — PATENTS — LICENSE — PARTNERSHIPS — SUCCESSIVE FIRMS.

Plaintiff's testator licensed a firm of which one of defendants was a member to use a patent cloth-cutting machine for a stated royalty. The license provided that it should not be assigned or available to others without the written consent of the licensor, and that the payments might be terminated by returning the machine, on condition that the licensees would not use in their business any other cloth-cutting machine during the life of such patents. The next year one of the firm died, and the defendant partner formed a partnership with another, and they continued the business four years, when the new partner died, and the defendant firm was formed. There was no assignment of the license, but each succeeding firm used the machine without objection, and paid the royalty, until notice of intention to redeliver the machine and terminate the royalty was given by defendants, and the return was waived, and it was agreed that the royalties should cease. Thereafter defendants used another cloth-cutting machine. *Held*, that the use of the machine and payment of the royalties by the successive firms did not make them parties to the contract, or subject them to the condition not to use another cutting machine; nor did their use of such other machine subject the defendant, who was a member of the first firm, to any liability, either individually or as surviving member of such firm.

Appeal from trial term, New York county.

Action by Appollonia Warth, as executrix of the will of Albin Warth, deceased, against J. M. Mertens and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Rudolf Dulon, for appellant.

John Brooks Leavitt, for respondents.

LAUGHLIN, J.   This is an action against the respondent indi-
vidually and as the surviving member of the firm of Theo. Dissell &
Co. and of the subsequent firm of J. M. Mertens & Co. for annual
royalties on a cloth-cutting machine.   The action is based on a con-
tract in writing made between the plaintiff and the firm of Theo. Dis-
sell & Co. on the 8th day of April, 1887.   By that agreement the ap-
pellant's testator licensed Theo. Dissell and John Mertens, who were
conducting business as clothing manufacturers at Syracuse under
the firm name of Theo. Dissell & Co. to use a patent cloth-cutting
machine which he furnished and delivered to them in consideration
of the payment of $1,150 and the agreement to pay a semiannual
royalty of $150.   It was expressly provided that, in the event of the
destruction of the machine by fire or of its becoming worn out, the
appellant's testator should furnish and deliver to the respondent
within a reasonable time a new machine for the consideration of $650;
that the license was personal to the licensees, and should not be as-
signable to or available by any other person without the written
consent of the licensor; that the payment of the royalty should not
cease under any circumstances except as therein provided; that the
licensees might terminate the payment of the royalty by delivering
the machine back to the licensor, and pay all royalties then due under
condition that the licensees should not thereafter use, or authorize
or allow to be used, directly or indirectly, in their business or else-
where, any other cloth-cutting machine until all the patents therein
mentioned should expire.   Theodore Dissell died in February, 1888,
and the respondent thereupon formed a partnership with Alexander
Dissell under the firm name of J. M. Mertens & Co.   This firm
continued the business until August, 1892, when Alexander Dissell
died, whereupon the respondent took his sons into partnership, and
continued the business under the firm name of J. M. Mertens & Co.
Each of these successive firms used the cutting machine, and paid
the royalties at the rate and times specified in the original contract,
which, however, does not appear to have been assumed by them.
There is no evidence of an assignment of the right to use the cloth-
cutting machine, or of any formal consent by the licensor.   He seems
to have permitted the use of the machine by the successive firms
without exacting any other agreement than would be implied by law.
On the 8th day of October, 1893, a semiannual payment of royalty
became due, and this was subsequently paid.   Notice had been pre-
viously given of the intention of the firm of J. M. Mertens & Co.
to redeliver the machine and terminate the royalties at that time.
The appellant's testator waived the delivery of the machine, and J.
M. Mertens & Co. retained it at his suggestion on the understand-
ing that the royalties thereon should cease.   In October, 1894, the
firm of J. M. Mertens & Co. began using another cloth-cutting ma-
chine, which it is still using.

The plaintiff claims that the defendant is liable for royalties at the
rate prescribed by the contract from the 8th day of October, 1893,
to the 8th day of October, 1899.   The amended answer admitted that
since October, 1894, the defendant has been using and allowing to
be used in his business, individually, a cloth-cutting machine other

than the cloth-cutting machine mentioned and described in the complaint down to about June 1, 1898, when he entered into a copartnership with E. T. Mertens and C. R. Mertens under the firm name of J. M. Mertens & Co., which firm continued to use such other cloth-cutting machine. These specific admissions are somewhat in conflict with other parts of the pleading. According to the testimony on the trial, however, these admissions were erroneous, and the defendant proved without objection or exception that he had not individually conducted the business, and that the firm of J. M. Mertens & Co. was formed in 1892. It appears without controversy that upon the dissolution of the firm which made the contract with plaintiff's testator the partnership business was not continued in the name of the surviving partner. It is manifest, therefore, that neither the firm which made the contract nor the defendant, as the surviving partner, used any other cutting machine in the partnership business than that for which the license was obtained; nor does it appear that said firm, or the defendant as the surviving member thereof, assigned the right or otherwise attempted to authorize the use of the machine by any succeeding firm. We have merely the bare fact that the cutting machine was used by the successors of the copartnership which made the contract; but the inference is that that was by common consent, and constituted a new contract arising by implication of law. No express agreement appears to have been made on the subject, and the licensees were, by the contract, precluded from assigning the right to use the machine. Thus it appears that these successive firms had no authority to use the machine except by consent of plaintiff's testator. Their use of the machine with his consent doubtless obligated them to pay the royalty which they did, but it did not bind them to all the terms of the original contract. When they returned the cutting machine, or its return was waived upon the express understanding that the royalties cease, that terminated their liability for royalties. The fact that one of the succeeding firms subsequently used another cutting machine did not impose any obligation on the original copartnership, or on the defendant as surviving member thereof or individually, to pay the royalties, as would have been the case had the licensees themselves, or the surviving member of the firm, while conducting the firm business, made use of another cutting machine. It follows, therefore, that the plaintiff failed to establish a cause of action, and it becomes unnecessary to consider the various exceptions to the charge, in which the learned trial justice submitted to the jury, by apparent acquiescence of the parties, only the question as to whether the contract was rescinded, and a parol agreement was made that the royalties should cease, and the request to charge on that subject.

Although only a single question was submitted to the jury, a general verdict was rendered in favor of the defendant. We think the court might have dismissed the complaint, or directed a verdict in favor of the defendant, and therefore there is no error which requires a new trial.

The judgment and order should be affirmed, with costs. All concur.